UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA BALL f/k/a Linda Burch,

        Plaintiff,

  -vs-

JO ANNE B. BARNHART, Commissioner of
  Social Security,

        Defendant.

02-CV-0097E(F)

MEMORANDUM

and

ORDER[1]

---

## BACKGROUND

On February 2, 2002 plaintiff Linda Ball f/k/a Linda Burch ("Ball") commenced the instant action seeking review of the final determination of the Commissioner of Social Security denying her application for disability benefits. On June 29, 2006 Magistrate Judge Leslie G. Foschio issued a Report and Recommendation in which he concluded that the Administrative Law Judge's ("ALJ") decision denying benefits was supported by substantial evidence and that the Commissioner's Motion for Judgment on the Pleadings should be granted.

Currently pending before the Court are Ball's objections to the Report and Recommendation.

---

[1]This decision may be cited in whole or in any part.

**DISCUSSION**

An ALJ's determination as to eligibility for benefits must be upheld if it is supported by "substantial evidence." Such is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson* v. *Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co.* v. *National Labor Relations Bd.*, 305 U.S. 197, 229 (1938)).

This Court conducts a *de novo* review of the portions of a Report and Recommendation to which specific, written objections have been filed. *See* 28 U.S.C. §636(b)(1); Rule 72 of the Federal Rules of Civil Procedure ("FRCvP"). If a party fails to object to a portion of a Report and Recommendation, further review is generally precluded. *See Mario* v. *P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (*citing Small* v. *Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). Furthermore, when the objections are not specific in nature and merely reiterate the arguments made before the Magistrate Judge, the Court reviews the Report and Recommendation only for clear error. *Camardo* v. *Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-81 (W.D.N.Y. 1992).

Ball objects to the Report and Recommendation, arguing (1) that the ALJ and the Magistrate Judge disregarded the medical evidence in concluding that Ball's nonexertional impairments would not preclude her from performing simple,

repetitive work; (2) that the ALJ erred by relying on the grids contained in the Code of Federal Regulations ("CFR") in determining Ball's residual functional capacity because Ball's impairments include those nonexertional in nature; and (3) the Magistrate Judge erred by concluding that if Ball could perform part-time work, she would not satisfy the durational requirements for benefits.

For the reasons that follow, the Court concludes that the ALJ and the Magistrate Judge erred in failing to consider the impact Ball's nonexertional impairments would have on her exertional capabilities, that Ball's objections to the Report and Recommendation are sustained and the matter is remanded to the Commissioner for reconsideration.

It is undisputed that Ball's primary impairment is a cognitive one. Ball submitted medical evidence from Dr. Donofrio indicating that she is moderately impaired in concentration, persistence and pace. In concluding that Ball is not disabled and further concluding that she has the residual functional capacity to perform light work, the ALJ and the Magistrate Judge noted that Dr. Donofrio offered no opinion as to Ball's ability to perform light work in light of her difficulties with concentration, persistence and pace.

Such conclusion is rather perplexing in light of the repeated reference to the legal standard that such *conclusions* are within the province of the Commissioner and the ALJ. Thus, had Dr. Donofrio opined that Ball was not capable of

performing such work, his opinion likely would have been disregarded. Instead, Dr. Donofrio stated his opinion as to the extent of Ball's impairments which were supported by his clinical assessment.[2]

Moreover, as Ball has established that she is incapable of returning to her past relevant work, the burden lies with the Commissioner to establish that there is work Ball is capable of performing. Here, Ball has provided medical evidence that she suffers from nonexertional impairments in several areas. Thus, it is incumbent upon the ALJ to consider the effect such nonexertional limitations would have on the type of work Ball could otherwise perform based on her exertional impairments. The ALJ concluded that the range of work Ball was capable of performing was limited by her nonexertional impairments such that Ball should be limited to light work consisting of simple, repetitive tasks. The ALJ failed, however, to obtain the testimony of a vocational expert. It is well established that when the ALJ concludes that the range of work a claimant can perform is "significantly limited" by nonexertional impairments, the testimony of a vocational expert is required. *See Bapp* v. *Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986).

---

[2] Dr. Kelly Chun — a consulting physician — found that Ball would often have deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (in work settings or elsewhere.")  (R. 146).

The ALJ's failure to obtain such testimony is extraordinarily perplexing in this case because the ALJ actually sent a notification to such an expert requiring her testimony at Ball's hearing (R. 94-98). The record also contains the resume of the vocational expert. *Ibid*. However, there is no record in the transcript of the hearing of any such testimony nor does the ALJ refer to any such testimony in the decision. Also lacking is any indiction as to why the ALJ informed the vocational expert that her testimony was required but then received no evidence from the expert.

Accordingly, the Court **CONCLUDES** that neither the ALJ's determination nor the Magistrate Judge's Report and Recommendation supporting that determination, is supported by substantial evidence and this matter should be remanded to the Commissioner of Social Security for further consideration of the impact of Ball's nonexertional limitations in concentration, persistence and pace, including but not limited to the testimony of a duly qualified vocational expert.

DATED:   Buffalo, N.Y.

   December 22, 2006

/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.